The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jessica Kehoe

**DEFENDANTS**

The City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan D. Gilman, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e et seq.; 43 P.S. §951 et seq.; Phila. Code § 9-1100, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her sex.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   09/02/2025

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA _____

---

***RELATED CASE IF ANY:*** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?      Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?      Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.      Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| Jessica Kehoe | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| The City of Philadelphia | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 09/02/2025 | *[signature]* | Plaintiff, Jessica Kehoe |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-827-5101 | gilman@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JESSICA KEHOE, | |
| *Plaintiff*, | **CIVIL ACTION NO.** |
| v. | |
| THE CITY OF PHILADELPHIA, | |
| *Defendant*. | **JURY TRIAL DEMANDED** |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Jessica Kehoe, brings this action against her former employer, the City of Philadelphia ("Defendant").  Plaintiff, a dedicated employee for approximately six-and-a-half years, had been subjected to degrading sex discriminatory conduct from a male co-worker of Defendant's Police Department.  Despite complaining about the same, Defendant not only promoted the male co-worker but also denied her a promotion for which she was highly qualified, and failed to adequately investigate Plaintiff's complaints and remedy and/or correct the sex discriminatory environment in which Plaintiff worked, leading to her resignation in August 2023.

Defendant's sex discriminatory and retaliatory conduct against Plaintiff violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); and, the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO").  Defendant's conduct also deprived Plaintiff of her constitutional rights of the Equal Protection Clause of the United States Constitution in violation of 42

U.S.C. § 1983 ("Section 1983").  Plaintiff seeks all damages allowable under law, including economic, compensatory, punitive damages, attorneys' fees and costs, and all other relief that this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff, Jessica Kehoe, is an individual and a citizen of the Commonwealth of Pennsylvania.  She resides in Philadelphia, Pennsylvania.

2.    Plaintiff is female.

3.    Defendant, the City of Philadelphia, is a political subdivision of the Commonwealth of Pennsylvania, with its principal office located at 1401 John F. Kennedy Boulevard, Philadelphia, PA 19102.

4.    At all times material hereto, Plaintiff was employed by Defendant to work at its Philadelphia Police Department headquarters, located at 400 N. Broad Street, Philadelphia, PA 19130.

5.    Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania and in the City of Philadelphia.  Defendant also employs residents of the Commonwealth of Pennsylvania and the City of Philadelphia.

6.    At all times material hereto, Defendant employed more than fifteen (15) employees.

7.    At all times material hereto, Defendant's policies, customs, and practices in its Police Department were discriminatory toward females.

8.    At all times material hereto, Defendant instituted, acquiesced in, ratified and/or took action against Plaintiff and other female employees.

9.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

10.     At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

11.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

12.     At all times material hereto, Defendant acted under color of state law.

## III.    JURISDICTION AND VENUE

13.     The causes of action which form the basis of this matter arise under Title VII, Section 1983, the PHRA, and the PFPO.

14.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

15.     The District Court has jurisdiction over Count II (Section 1983) pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333.

16.     The District Court has supplemental jurisdiction over Count III (PHRA) and Count IV (PFPO) pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f).

18.     On or about May 31, 2023, Plaintiff filed a Complaint of Discrimination with the Philadelphia Commission on Human Relations ("PCHR"), complaining of acts of discrimination and retaliation alleged herein.  This Complaint of Discrimination was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached

hereto, incorporated herein, and marked as **Exhibit "1"** is a true and correct copy of the PCHR Complaint of Discrimination (with personal identifying information redacted).

19.     On or about June 10, 2025, the United States Department of Justice, Civil Rights Division issued to Plaintiff a Notice of Right to Sue for her Complaint of Discrimination.  Attached hereto and marked as **Exhibit "2"** is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

20.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    <u>FACTUAL ALLEGATIONS</u>

21.     Plaintiff was hired by Defendant on or about February 27, 2017, within Defendant's Philadelphia Police Department (the "Police Department").

22.     Plaintiff last held the position of Clerk 3.

23.     Plaintiff's job duties included, *inter alia*, performing complex clerical work for the Police Department and training personnel on data entry.

24.     Plaintiff last reported to Heather McCaffrey ("McCaffrey") (female), Human Resources Director.  McCaffrey reported to Krista Dahl-Campbell (female), Lieutenant.

25.     In or around August 2021, Defendant hired Derrick Hannibal ("Hannibal") (male), as Clerk 1.

26.     Hannibal's work desk was directly next to Plaintiff's work desk.

27.     During the course of Plaintiff's employment at Defendant, on an ongoing and continuous basis, Hannibal (male) engaged in comments and conduct of a sexual nature toward Plaintiff (female).  Examples of the same include, without limitation:

    a.  Hannibal (Black male) told Plaintiff (white female) that he only liked white women because they were submissive.

    b.  Hannibal commented that "white women love black dick."

    c.  Hannibal massaged Plaintiff's shoulders, unprompted, and without her permission.

    d.  Hannibal pinched Plaintiff's waist.

    e.  Hannibal grabbed Plaintiff's hair.

    f.  Hannibal came near Plaintiff's face and touched her hair.

    g.  Hannibal picked up Plaintiff's hair from her back and shoulders, and ran his hands through it.

    h.  Hannibal commented that he liked Plaintiff's long hair.

28.    Plaintiff understood that Hannibal wanted to engage in conduct of a sexual nature with Plaintiff.

29.    Plaintiff objected to Hannibal's comments and conduct of a sexual nature, and rebuffed Hannibal's advances.

30.    Plaintiff told Hannibal that she was married, and that she was not interested in him.

31.    After Plaintiff rebuffed Hannibal's advances and objected to his sexual comments and conduct, Plaintiff was treated worse than male employees, including in a hostile manner. Examples of the same include, without limitation:

    a.  Hannibal called Plaintiff fat and told her that she needed to lose weight.

    b.  Hannibal falsely accused Plaintiff of being racist.

c. Hannibal stared at Plaintiff in a threatening, intimidating manner.

d. Hannibal intentionally knocked Plaintiff's items off her desk.

e. Hannibal banged and slammed items on his desk near Plaintiff.

f. Hannibal treated Plaintiff as if she were his assistant, which she was not.

g. Hannibal complained that Plaintiff was not taking his phone calls.

h. Hannibal complained that Plaintiff was not doing his work for him.

i. Hannibal played loud music in the small office in which he and Plaintiff worked.

j. Hannibal refused to wear a mask around Plaintiff during COVID-19 even though masks were required and he and Plaintiff were in a small office together.

k. Hannibal commented that "these broke bitches" in the office "need to get better clothes and lose some weight."

l. Hannibal commented that there were "ugly bitches" at Defendant.

m. Hannibal referred generally to women as "bitches" in the office.

32. In addition to the above, Plaintiff observed Hannibal (male) engage in comments and conduct of a sexual nature toward another female employee, Clerk 3. Examples of the same include, without limitation:

a. Hannibal commented that he liked the curly hair of the female employee.

b. Hannibal touched the female employee on her neck.

    c.   Hannibal touched the female employee's arm in a slow and sexual manner.

    d.   Hannibal kissed the female employee intimately and slowly on the lips.

    e.   Hannibal massaged the female employee's shoulders and back.

    f.   Hannibal rubbed the female employee's legs and grabbed her upper thigh.

    g.   Hannibal asked the female employee, if her "white pussy like[d] this big black dick."

    h.   Hannibal commented that he was going to "get with" the female employee.

    i.   Plaintiff understood the above to mean that Hannibal was going to have sex with the female employee.

    j.   Hannibal commented that the female employee was going to be his.

33.    Plaintiff complained to McCaffrey of sexual harassment in connection with Hannibal, including about Hannibal's sexual comments and conduct and how his treatment of Plaintiff worsened after she rebuffed his advances.

34.    In response to the above, McCaffrey told Plaintiff to try to get along with Hannibal.

35.    In or around January 2022, Plaintiff complained to Yvonne Banks ("Banks") (female), Assistant Human Resources Director, of sexual harassment in connection with Hannibal, including about Hannibal's sexual comments and conduct and how his treatment of Plaintiff worsened after she rebuffed his advances.

36.     In response to the above, Banks told Plaintiff that she would talk with Hannibal.

37.     In or around August 2022, in a meeting with Banks, Plaintiff complained of sexual harassment in connection with Hannibal, including about Hannibal's sexual comments and conduct and how his treatment of Plaintiff worsened after she rebuffed his advances.

38.     In response to the above, Banks stated that since she had not witnessed the conduct herself, she could not do anything about it.

39.     On or about August 9, 2022, Defendant promoted Hannibal to Clerk 2.

40.     Plaintiff was aware that other female employees complained about Hannibal.

41.     After Plaintiff complained, Hannibal (male) continued to engage in comments and conduct of a sexual nature toward Plaintiff (female) and treat her in a hostile manner.

42.     Hannibal made fun of the music to which Plaintiff listened.

43.     Hannibal would knock items off of Plaintiff's desk.

44.     Hannibal communicated with Plaintiff in an intimidating manner.

45.     Hannibal was condescending toward Plaintiff.

46.     Plaintiff continued to complain to McCaffrey of sexual harassment in connection with Hannibal, including in the beginning of 2023.

47.     McCaffrey stated that Hannibal would not be returning to the office.

48.     Despite the above statement from McCaffrey, Hannibal continued to be in the office.

49.     On or about February 16, 2023, in a meeting with Brent Conway ("Conway") (male), Lieutenant, Internal Affairs Division, Plaintiff complained of sexual harassment in connection with Hannibal, including about Hannibal's sexual comments and conduct and how his treatment of Plaintiff worsened after she rebuffed his advances.

50.     During the above meeting, Plaintiff stated that she had complained to McCaffrey and Banks of the same, but Defendant had not taken any action in response to her complaints.

51.     On or about February 24, 2023, Plaintiff applied for the position of Clerical Supervisor 2, which was posted and would have been a promotion for Plaintiff.

52.     Plaintiff was qualified for the position.

53.     On or about February 24, 2023, following the above, in an email from Cornell Weaver ("Weaver"), Office of Human Resources, Defendant failed to promote Plaintiff to Clerical Supervisor 2.

54.     The stated reason was "Insufficient Experience of the Kind Required."

55.     On or about March 1, 2023, in an email to Weaver, copying McCaffrey, Plaintiff appealed Defendant's failure to promote her to Clerical Supervisor 2, and reiterated her experience and qualifications for the position.

56.     On or about March 2, 2023, following the above, in an email from Weaver, Plaintiff was told that she had been approved to take the exam to be promoted to Clerical Supervisor 2.

57.     Plaintiff never received information regarding the date for the exam to be promoted to Clerical Supervisor 2.

58.     Plaintiff never received an email with the link to take the promotion exam, which removed her from the promotion list.

59.     On April 5, 2023, in an email from Conway, he stated to Plaintiff that "the inspector will determine if disciplinary action is appropriate" in connection with Hannibal.

60.     On April 17, 2023, in an email to Conway and a complaint submission to Defendant's Office of Inspector General, Plaintiff complained of sexual harassment and retaliation in connection with Hannibal and Defendant's failure to remedy or prevent the same, despite her repeated complaints.

61.     On April 17, 2023, Defendant transferred Hannibal to another location.

62.     On April 28, 2023, in an email to McCaffrey, Plaintiff stated that she saw Hannibal in Defendant's employee parking lot, despite her understanding that Hannibal had been instructed not to be there following his transfer to another location.

63.     To date, Defendant has not informed Plaintiff of any remedial and/or corrective action that it has taken regarding Plaintiff's complaints.

64.     Hannibal remains employed with Defendant.

65.     On August 28, 2023, Plaintiff resigned from her employment with Defendant due to the severity of the sex discrimination and retaliation to which she had been subjected, the lack of remedial and/or corrective action that had been taken regarding Plaintiff's complaints, and the emotional distress to which she had been subjected as a result of the same.

66.     Defendant's discriminatory and retaliatory treatment of Plaintiff as set forth herein was sufficiently severe and/or pervasive such that a reasonable person in

Plaintiff's position would have found the terms and conditions of employment to have been altered and the work environment created as a result thereof to be hostile and abusive.

67.    Defendant's treatment of Plaintiff as set forth in the preceding paragraph was sufficiently severe and/or pervasive such that Plaintiff in fact believed the terms and conditions of her employment had changed and that the work environment created as a result thereof had become hostile and abusive.

68.    Defendant has a reputation for engaging in sex-based comments and conduct toward female employees and for failing to take appropriate remedial measures with respect to the same.

69.    Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected and which constituted a continuing violation, and failing to promote her to Clerical Supervisor 2.

70.    Plaintiff's complaining of sex discrimination was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected and which constituted a continuing violation, and failing to promote her to Clerical Supervisor 2.

71.    Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

72.    Defendant's actions referred to herein have established a policy and pattern of acceptance and tolerance of discrimination and harassment against women.

73.    The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

74.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

75.    Defendant acted with malice, reckless indifference and/or deliberate indifference to Plaintiff's protected rights, and its conduct warrants the imposition of punitive damages.

76.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT I – TITLE VII

77.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

78.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated Title VII.

79.    Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights, and warrant the imposition of punitive damages.

80.    As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys'

fees and costs.

81.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

82.    No previous application has been made for the relief requested herein.

## COUNT II – SECTION 1983

83.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

84.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant deprived Plaintiff of equal protection under the law as guaranteed by the Fourteenth Amendment of the United States Constitution.

85.    Said violations included policies, practices and/or customs to treat female employees in Defendant's Police Department less favorably than male employees, which was committed, directed, implemented, and/or ratified by officials of Defendant in supervisory capacities with policymaking and decision-making authority.

86.    As a direct and proximate result of Defendant's acts and conduct which caused Plaintiff to be denied equal protection under the law, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

87.    The wrongful acts and conduct of Defendant were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

88.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

89.    No previous application has been made for the relief requested herein.

## **COUNT III - PHRA**

90.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

91.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PHRA.

92.    As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

93.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

94.    No previous application has been made for the relief requested herein.

## **COUNT IV - PFPO**

95.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

96.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PFPO.

97.    Defendant acted willfully and intentionally, and with malice and/or deliberate indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

98.    As a direct and proximate result of Defendant's violations of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

99.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

100.    No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of Section 1983;

(c)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)    declaring the acts and practices complained of herein to be in violation of the PFPO;

(e)    enjoining and permanently restraining the violations alleged herein;

(f)    entering judgment against Defendant and in favor of the Plaintiff in an amount to be determined;

(g)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h)     awarding compensatory damages to Plaintiff for past and future pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i)     awarding punitive damages to Plaintiff under Title VII and the PFPO;

(j)     awarding Plaintiff such other damages as are appropriate under Title VII, Section 1983, the PHRA, and the PFPO;

(k)     awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and

(l)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: September 2, 2025          BY:  _____
                                        Jonathan D. Gilman, Esq.
                                        1525 Locust Street, 9th Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676

                                        *Attorneys for Plaintiff,*
                                        *Jessica Kehoe*

16

# Exhibit 1

CITY OF PHILADELPHIA
PHILADELPHIA COMMISSION ON HUMAN RELATIONS

### COMPLAINT

COMPLAINANT:                          :

**JESSICA KEHOE**                     :          PCHR Docket No. 2023-06-05-14855
                                      :          PCHR Docket No. 17G-2023-00025
v.                                    :

RESPONDENTS:                          :

**CITY OF PHILADELHIA**               :

AND                                   :

**PHILADELHIA POLICE DEPARTMENT**     :

1. The Complainant herein is:

   Name:              Jessica Kehoe

   Address:           redacted
                      Philadelphia, PA 19134

2. The Respondents herein are:

   Names:             City of Philadelphia; Philadelphia Police Department

   Address:           400 N Broad Street, 7th Floor
                      Philadelphia, PA 19130

3. I, Jessica Kehoe, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female) and unlawful retaliation because of my complaints of

sex discrimination and my rebuffing sexual advances, as set forth below.


RECEIVED
JUN 0 1 2023
BY: PCHR

**Discrimination and Retaliation**

**A. I specifically allege:**

[1]      I was hired by Respondents on or about February 27, 2017.

[2]      I am a current employee of Respondents.

[3]      I currently hold the position of Clerk 3.

[4]      I report to Heather McCaffrey (female), Human Resources Director. McCaffrey reports to Krista Dahl-Campbell (female), Lieutenant.

[5]      In August 2021, Respondents hired Derrick Hannibal (male), Clerk 1.

[6]      Hannibal engaged in comments and conduct of a sexual nature toward me.

[7]      Hannibal (black) told me that he only liked white women because they were submissive.

[8]      Hannibal commented that "white women love black dick."

[9]      Hannibal massaged my shoulders.

[10]      Hannibal pinched my waist.

[11]      Hannibal grabbed my hair.

[12]      Hannibal came near my face and touched my hair.

[13]      Hannibal picked up my hair from my back and shoulders, and ran his hands through it.

[14]      Hannibal commented that he liked my long hair.

[15]      I understood that Hannibal wanted to engage in conduct of a sexual nature with me.

[16]      I objected to Hannibal's comments and conduct of a sexual nature, and rebuffed his advances.

[17]      I told Hannibal that I was married, and that I was not interested in him.

[18]      After I rebuffed his advances and objected to his sexual comments and conduct, Hannibal treated me in a hostile manner.

[19]      Hannibal called me fat and told me that I need to lose weight.

[20]      Hannibal falsely accused me of being racist.

[21]      Hannibal stared at me in a threatening, intimidating manner.

[22]      Hannibal intentionally knocked my things off my desk.

[23]      Hannibal banged and slammed things on his desk near me.

[24]      Hannibal treated me as if I were his assistant, which I was not.

[25]      Hannibal complained that I was not taking his phone calls.

[26]      Hannibal complained that I was not doing his work for him.

[27]      Hannibal played loud music in the small office in which we worked.

[28]      Hannibal refused to wear a mask around me even though masks were required and we were in a small office together.

[29]      Hannibal commented that "these broke bitches" in the office "need to get better clothes and lose some weight."

[30]      Hannibal commented that there were "ugly bitches" at Respondents.

[31]      Hannibal referred to women as "bitch."

[32]      Hannibal commented that he liked a female employee's curly hair.

[33]      Hannibal touched Amanda Wharton (female), Clerk 3, on her neck.

[34]      Hannibal touched Wharton's arm in a slow and sexual manner.

[35]      Hannibal kissed Wharton intimately and slowly on the lips.

[36]      Hannibal massaged Wharton's shoulders and back.

[37]    Hannibal rubbed Wharton's legs and grabbed her upper thigh.

[38]    Hannibal asked Wharton if her "white pussy like[d] this big black dick."

[39]    Hannibal commented that he was going to "get with" Wharton. I understood this to mean that Hannibal was going to have sex with Wharton.

[40]    Hannibal commented that Wharton was going to be his.

[41]    I complained to McCaffrey of sexual harassment in connection with Hannibal. I complained of Hannibal's sexual comments and conduct, and how his treatment of me worsened after I rebuffed his advances. McCaffrey told me to try to get along with Hannibal.

[42]    I complained to Yvonne Banks (female), Assistant Human Resources Director, of sexual harassment in connection with Hannibal. I complained of Hannibal's sexual comments and conduct, and how his treatment of me worsened after I rebuffed his advances. Banks told me that she would talk with Hannibal.

[43]    In August 2022, in a meeting with Banks, I complained of Hannibal's sexual comments and conduct, and how his treatment of me worsened after I rebuffed his advances. Banks stated that, since she had not witnessed the conduct herself, she could not do anything about it.

[44]    On August 9, 2022, Respondents promoted Hannibal to Clerk 2.

[45]    I was aware that other female employees complained about Hannibal.

[46]    Hannibal continued to engage in comments and conduct of a sexual nature and treat me in a hostile manner.

[47]    Hannibal made fun of the music I listened to.

[48]    Hannibal communicated with me in an intimidating manner.

[49]    Hannibal was condescending toward me.

[50]    I continued to complain to McCaffrey of sexual harassment in connection with Hannibal. McCaffrey stated that Hannibal would not be returning to the office.

[51]    Hannibal continued to be in the office.

[52]    On February 16, 2023, in a meeting with Brent Conway (male), Lieutenant, Internal Affairs Division, I complained of sexual harassment in connection with Hannibal. I complained of Hannibal's sexual comments and conduct, and how his treatment of me worsened after I rebuffed his advances. I stated that I had complained to McCaffrey and Banks, but Respondents had to taken any action in response to my complaints.

[53]    On February 24, 2023, I applied for the posted Clerical Supervisor 2 position, which would have been a promotion for me. I was qualified for the position.

[54]    On February 24, 2023, following the above, in an email from Cornell Weaver, Office of Human Resources, Respondents failed to promote me to Clerical Supervisor 2. The stated reason was "Insufficient Experience of the Kind Required."

[55]    On March 1, 2023, in an email to Weaver, copying McCaffrey, I appealed the above failure to promote me and reiterated my experience and qualifications for the position.

[56]    On March 1, 2023, following the above, in an email from Weaver, I was told that I had been approved to take the exam to be promoted to Clerical Supervisor 2.

[57]    I never received information regarding the date for the exam to be promoted to Clerical Supervisor 2, and I never received an email with the link to take the promotion exam, which removed me from the promotion list.

[58]    Respondents failed to promote me to Clerical Supervisor 2 because of my sex and/or my sex discrimination and retaliation complaints and/or my rebuffing Hannibal's sexual advances.

[59]    On April 5, 2023, in an email from Conway, he stated that "the inspector will determine if disciplinary action is appropriate" in connection with Hannibal.

[60]    On April 17, 2023, in an email to Conway and a complaint submission to Respondents' Office of Inspector General, I complained of sexual harassment and retaliation in connection with Hannibal and Respondents' failure to remedy or prevent the same, despite my repeated complaints.

[61]    On April 17, 2023, Respondents transferred Hannibal to another location.

[62]    On April 28, 2023, in an email to McCaffrey, I stated that I saw Hannibal in Respondents' employee parking lot, despite my understanding that he had been instructed not to be there following his transfer to another location.

[63]    Hannibal remains employed with Respondents.

[64]    Respondents failed to remedy or prevent the sex discrimination and retaliation to which I have been subjected.

[65]    I received no further communication from Respondents regarding my complaints of sex discrimination and retaliation.

[66]    Respondents subjected me to a hostile work environment because of my sex and/or my sex discrimination and retaliation complaints and/or my rebuffing Hannibal's sexual advances.

[67]    The sex- and retaliatory-based hostile work environment to which I have been subjected at Respondents constitutes a continuing violation.

[68]    Other female employees of Respondents have complained of sex discrimination and retaliation.

[69]     Respondents' sex discriminatory and retaliatory conduct and comments have caused me emotional distress.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female) and retaliated against me because of my complaints of sex discrimination and my rebuffing sexual advances, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

     **X**     **Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101,** *et seq.* **("PFPO"), Section ___9-1103___.**

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

     **X**     **This charge will be referred to the EEOC for the purpose of dual filing.**

6.     The Complainant seeks that Respondents be required to:

     (a) Make the Complainant whole.

     (b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

     (c) Remedy the discriminatory effect of past practice(s) and procedure(s).

     (d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

5/31/23
(Date Signed)

(Signature)    Jessica Kehoe
redacted
Philadelphia, PA 19134

# Exhibit 2

**From:**     DOJ Civil Rights - Do Not Reply
**To:**       Emily R. Derstine Friesen
**Subject:**  Response: Your Civil Rights Division Report - 622376-XMS from the Employment Litigation Section
**Date:**     Tuesday, June 10, 2025 10:19:01 AM



**U.S. Department of Justice**
## Civil Rights Division

| civilrights.justice.gov

622376-XMS

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Jun 10, 2025

Jessica Kehoe

derstinefriesen@consolelaw.com

Re:     Jessica Kehoe v. CITY OF PHILADELPHIA, et al.,
EEOC Charge No. 17G-2023-00025

Dear Jessica Kehoe,

You are receiving this notice because you filed the above charge(s) with the
Equal Employment Opportunity Commission (EEOC), and you or your attorney
specifically requested this notice.

Because either 180 days have passed since you filed the above charge(s), or
because the EEOC has determined that it will not be able to conclude its
administrative process within 180 days of the date it assumed jurisdiction of the
charge(s), you are hereby notified that you have the right to file a lawsuit
commencing a civil action based on the charge(s) under the following statute(s):

- Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.

If you decide to file a lawsuit under the statute(s) identified above, **you must file
it in the appropriate court within 90 days of receiving this Notice**.  This
Notice should not be taken to mean that the Department of Justice has made a
judgment as to whether your charge is meritorious.  If you haven't already, you

may want to consult with a private attorney of your own choosing and expense.

If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Philadelphia District Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/philadelphia/location.

Sincerely,

Complaint Referral Unit
Employment Litigation Section
Civil Rights Division

CC: derstinefriesen@consolelaw.com, derstinefriesen@consolelaw.com, jill.osborn@phila.gov, jane.duncan@eeoc.gov

## Contact

civilrights.justice.gov

 U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

 (202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf (TTY) (202) 514-0716